IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT PIKEVILLE

| | |
|---|---|
| PAINTSVILLE HOSPITAL COMPANY, LLC, *et al.*<br><br>Plaintiffs,<br><br>v.<br><br>AMNEAL PHARMACEUTICALS, LLC, *et al.*<br><br>Defendants. | Case No. 7:20-cv-00102<br><br>(Removal from the Circuit Court of Johnson County, Kentucky) |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS
WALMART INC. AND WAL-MART STORES EAST, LP'S MOTION TO STAY
PROCEEDINGS PENDING LIKELY TRANSFER TO MULTIDISTRICT LITIGATION**

Plaintiffs Paintsville Hospital Company, LLC; Jennie Stuart Medical Center, Inc.; Hardin Memorial Hospital; T.J. Samson Community Hospital; Saint Joseph Health System, Inc.; Flaget Healthcare, Inc.; Hospital of Louisa, Inc.; and Jackson Hospital Corporation (collectively "Plaintiffs") respectfully submit this response in opposition to Defendants Walmart Inc. and Wal-Mart Stores East, LP's Motion to Stay Proceedings Pending Likely Transfer to Multidistrict Litigation (the "Walmart Defendants' Motion to Stay"). For the reasons stated below, the Walmart Motion to Stay should be denied.

**I.    INTRODUCTION**

This action raises exclusively state law claims and no claim asserted by Plaintiffs arises under any federal statutes. Defendants have removed this action from a state court contending that it fits within a narrow sliver of cases in which a state law claim can be said to "necessarily"

implicate "substantial" federal issues.[1] The same group of Defendants have been systematically removing substantially similar actions on a purported jurisdictional basis, even though almost every court to address the question has rejected their jurisdictional theories.

On July 30, 2020, Plaintiffs filed their Emergency Motion to Remand seeking immediate remand to state court. *See Plaintiffs' Emergency Motion to Remand*, 7:20-cv-00102, Doc. No. 8 (E.D. Ky. July 30, 2020) ("Plaintiffs' Emergency Remand Motion"). As discussed in Plaintiffs' Emergency Remand Motion, the jurisdictional issues here are not novel or complex, have been decided adversely to the same group of Defendants, and should be quickly disposed of. Without responding to Plaintiffs' Emergency Remand Motion promptly, Walmart Defendants now seek to stay all proceedings in this action. But, when the underlying question of federal jurisdiction is not factually or legally difficult, the better practice is to remand the case promptly, rather than simply pass the case to another court for another day. Accordingly, the vast majority of district courts addressing competing motions to remand and motions to stay, in analogous circumstances, have denied the motions to stay and remanded the cases back to state courts.

This Court is able to promptly resolve Plaintiffs' Emergency Remand Motion. This Court has an immediate and ongoing obligation to evaluate its subject matter jurisdiction, which is not limited by a transfer to an MDL. *See Dunaway v. Purdue Pharma L.P.*, 391 F. Supp. 3d 802, 808 n.1 (M.D. Tenn. May 22, 2019) (citing JPML R. 2.1(d) and noting "The pendency of a motion, order to show cause, conditional transfer order or conditional remand order before the Panel pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and pretrial proceedings in any

---

[1] On July 23, 2020, Walmart Inc and Wal-mart Stores East, LP removed the action to this Court. *See Notice of Removal*, 7:20-cv-00102, Doc. No. 1 (E.D. Ky. July 23, 2020)

pending federal district court action and does not limit the pretrial jurisdiction of that court.").[2] Bouncing a case from one federal court without jurisdiction to another is the height of inefficiency. "[T]he harm to Plaintiffs of a stay . . . is significant," *Fayetteville Ark. Hosp. Co., LLC v. Amneal Pharm., LLC*, No. 5:20-cv-5036, 2020 WL 2521515, at *3 (W.D. Ark. May 18, 2020), because "to defer ruling now could have the effect of staying the litigation indefinitely." *Ill. Pub. Risk Fund v. Purdue Pharma L.P.*, Case No. 19 C 3210, 2019 WL 3080929, at *1 (N.D. Ill. July 15, 2019) (citing *Dunaway v. Purdue Pharma L.P.*, 391 F. Supp. 3d 802, 808-809 (M.D. Tenn. May 22, 2019)).[3]

Walmart Defendants' Motion to Stay is a repeated attempt to delay any movement of Plaintiffs' case. Walmart Defendants fail to offer any legitimate reasons why a ruling on the Plaintiffs' Emergency Motion to Remand should be delayed. Walmart Defendants further fail to satisfy the necessary criteria for a stay, under any theory or test, or show that litigation in state courts poses prejudice to Defendants.[4]

---

[2] *See also* Manual for Complex Litigation § 20.131 (4th ed. 2004) ("Nor should the court automatically postpone rulings on pending motions, or generally suspend further proceedings. When notified of the filing of a motion for transfer, therefore, matters such as motions to dismiss or to remand, raising issues unique to the particular case, *may be particularly appropriate for resolution before the Panel acts on the motion to transfer. The Panel has sometimes delayed ruling on transfer to permit the court in which the case is pending to decide critical, fully briefed and argued motions.*") (emphasis added).

[3] The MDL court has issued a moratorium on motions to remand. *See In Re: Nat'l Prescription Opiate Litig.*, 1:17-md-02804-DAP, Order Regarding Remands, Doc. No. 130 (N.D. Ohio Feb. 16, 2018) (attached as Exhibit 1). The MDL Court's indefinite deferral of consideration of remand motions undercuts the rationale of a few number of decisions granting contested motions to stay during the pendency of a motion to remand.

[4] *See Jefferson Cnty. v. Williams*, 1:19-op-45371-DAP, Order of Remand and Order of Severance, at 3, Doc. No. 26, (N.D. Ohio July 24, 2019) (attached as Exhibit 2). Judge Polster stated that "[w]hile there are more than 2000 cases in the Opioid MDL, there are hundreds of similar cases in state courts around the country. *Procedures have been put in place so that lawyers in state and federal cases can share documents and depositions.*" *Id.* (emphasis added). Judge Polster's

Because the jurisdictional issues here are not novel or complex and have been repeatedly decided adversely to Defendants, and because judicial efficiency and prejudice considerations further militate in favor of immediate remand, Walmart Defendants' Motion to Stay should be denied and Plaintiffs' Emergency Motion to Remand should be granted promptly for Plaintiffs.

**II. ARGUMENT**

**A. Because the Jurisdictional Issues are Not "Factually or Legally Difficult," and Have Been Repeatedly Decided Adversely to Defendants, This Action Should Not Be Stayed and Instead Should Be Promptly Remanded.**

In the present scenario, in which Plaintiffs seek remand and Walmart Defendants seek a stay pending possible transfer to an MDL pending in another district, the most prevalent rule of analysis within this Circuit (and nationally) is the three-part test from *Meyers v. Bayer AG*, 143 F. Supp. 2d 1044 (E.D. Wis. 2001), the leading case on this issue. Under the *Meyers* test, courts should:

(1) [G]ive preliminary scrutiny to the merits of the motion to remand. If this preliminary assessment suggests that removal was improper, the court should promptly complete its consideration and remand the case to state court.

(2) If [] the jurisdictional issue appears factually or legally difficult, the court [] should determine whether identical or similar jurisdictional issues have been raised in other cases that have been or may be transferred to the MDL proceeding.

(3) Only if the jurisdictional issue is both difficult and similar or identical to those in cases transferred or likely to be transferred, [] the court [should consider] staying the action.

*Id.* at 1049. This approach has been broadly adopted by district courts in the Sixth Circuit and nationally, including by this Court. *See, e.g.*, *City of Henderson v. Purdue Pharma L.P..*, No. 3:19-cv-00067, 2020 WL 428112, at *3 (E.D. Ky. Jan. 27, 2020) (J. Van Tatenhove); *Hardin Cnty.*

---

statement rebuts Walmart Defendants' contention they will suffer hardship from litigating in multiple courts. Walmart Defendants' Motion to Stay, at 7.

4

*Fiscal Court v. Purdue Pharma L.P.*, No. 3:19-cv-00068, Doc. No. 149, at 5 (E.D. Ky. Jan. 27, 2020) (J. Van Tatenhove);[5] *Beshear v. Volkswagen Group of America, Inc.*, Civil No: 16-cv-27, 2016 WL 3040492, at *1 (E.D. Ky. May 25, 2016) (J. Van Tatenhove) (applying *Meyers* test);[6] *Curnow v. Stryker Corp.*, No. 13-13271, 2013 WL 5651439, at *3 (E.D. Mich. Oct. 15, 2013) (interpreting stay motion under *Meyers* principles); and *Tennessee ex rel. Cooper v. McGraw-Hill Companies, Inc.*, No. 3:13-00193, 2013 WL 1785512, at *4 (M.D. Tenn. April 25, 2013) (citing *Meyers*, and listing cases adopting *Meyers* test). *See also*, *Tucson Medical Center v. Purdue Pharma LP*, No. CV-18-00532-TUC-RCC, 2018 WL 6629659, at *2 (D. Ariz. Dec. 19, 2018)

---

[5] While both *Henderson* and *Hardin County* adopt the *Meyers* test, the appropriateness of removal there required analysis of not only federal question jurisdiction under 28 U.S.C. §1331, but also removal pursuant to CAFA, 28 U.S.C. § 1332(d), and whether unanimous consent by all defendants to removal was required. *See also County of Jim Hogg v. CVS Health Corp.*, Case No. 4:19-cv-02816, Order Granting Motion to Stay and Denying Motion to Remand, Doc. No. 11 (S.D. Texas Sept. 4, 2019) (considering removal pursuant to CAFA, 28 U.S.C. §§ 1332(d) and 1453(b)). Here, in contrast, it is clearer that the references in Plaintiffs' complaint to Defendants' CSA violations do not raise "substantial federal questions" that must be resolved. *See Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 813-14 (1986) (rejecting the position that where a state law incorporates federal law as an applicable standard, claims brought under the state law create federal question jurisdiction). Plaintiffs' state law claims do not depend on Defendants' duties under the CSA, or any other federal laws, and can be determined without reference to federal laws. There is no federal question jurisdiction here.

[6] Defendant relies on *Beshear* for the proposition that a stay is appropriate in MDL proceedings when motion practice concerning MDL transfer is pending before the JPML. *See* Walmart Defendants' Motion to Stay at 11. However, Walmart Defendants omit that *Beshear* adopted the *Meyers* test, and ruled that a preliminary assessment of jurisdiction was necessary "and if, upon such assessment, ***jurisdiction is clearly improper, 'the court should promptly complete its consideration and remand the case to state court***.'" *Beshear v. Volkswagen Group of America, Inc.*, 2016 WL 3040492 at *2 (quoting *Meyers*,143 F.Supp.2d at 1049) (emphasis added). Moreover, *Beshear* does not support Defendant's position that courts in this Circuit generally stay cases pending JPML transfer. Rather, *Beshear* specifically recognized that "some courts choose to rule on pending motions to remand before the JPML decides to transfer the case, while many other courts decide to issue a stay pending the JPML's decision even when a motion to remand is also pending." *Id.* (citations omitted). The court in *Beshear* stayed the case only because it found that "jurisdictional issues [']are complex and their resolution is uncertain[']" based on specific facts of the case. *Id.* at *8.

5

(adopting *Meyers* test, granting remand, and denying stay); *Wagner v. Volkswagen Group of America, Inc.*, Civ. Action No. 16-00069-CB-N, 2016 WL 916421, at *2 (S.D. Ala. Mar. 10, 2016) (same); *Alegre v. Aguayo*, No. 06 C 5744, 2007 WL 141891, at *2-3 (N.D. Ill. Jan.17, 2007) (same); *Clark v. Pfizer Inc.*, No. Civ. A. 04-3354, 2004 WL 1970138, at *2-4 (E.D. Pa. Sept. 7, 2004) (same). Authorities cited by Defendants also applied the *Meyers* test. *See* Walmart Defendants' Motion to Stay, at 11 (citing *City of Henderson v. Purdue Pharma L.P.*, No. 3:19-cv-00067, 2020 WL 428112, at *3 (E.D. Ky. Jan. 27, 2020) (J. Van Tatenhove); *Hardin Cnty. Fiscal Court v. Purdue Pharma L.P.*, No. 3:19-cv-00068, Doc. No. 149, at 5 (E.D. Ky. Jan. 27, 2020) (J. Van Tatenhove); *Beshear v. Volkswagen Group of America, Inc.*, 2016 WL 3040492 at *2 (E.D. Ky. May 25, 2016) (J. Van Tatenhove)). Accordingly, the Court's analysis of the propriety of a stay begins and ends with its "preliminary scrutiny" of "the merits of the motion to remand." *Meyers*, 143 F. Supp. 2d at 1049. For the reasons stated in Plaintiffs' Remand Motion, the Court should remand the case back to the state court promptly. The Court need not proceed to step two of the *Meyers'* test; the jurisdictional issues here do not "appear[] factually or legally difficult. *Id.* As stated above and in Plaintiffs' Emergency Motion to Remand, the same group of Defendants have systematically and repeatedly filed a substantially similar "Notice of Removal" alleging "federal question" jurisdiction, and have been systematically and repeatedly rejected by the courts nationwide.[7]

---

[7] *See, e.g.*, *See, e.g.*, *Lester E. Cox Med. Ctrs. v. Amneal Pharm., LLC*, No. 6:20-03152-CV-RK, 2020 WL 3171452, at *3 (W.D. Mo. June 15, 2020) (granting the hospital plaintiffs' motion to remand, finding no federal question jurisdiction existed); *Fayetteville Ark. Hosp. Co., LLC v. Amneal Pharm., LLC*, No. 5:20-cv-5036, 2020 WL 2521515, at *1 (W.D. Ark. May 18, 2020) (same); *Fla. Health Scis. Ctr., Inc. v. Sackler*, No. 19-62992-CIV-MARTINEZ, 2020 WL 1046601, at *7 (S.D. Fla. Jan. 24, 2020) (same); *DCH Health Care Auth. v. Purdue Pharma L.P.*, No. 9-0756-WS-C, 2019 WL 6493932, at *1 (S.D. Ala. Dec. 13, 2019) (same); *Kingman Hosp. Inc. v. Purdue Pharma L.P.*, No. CV-19-08240-PCT-JJT, 2019 WL 4024773, at *2 (D. Ariz. Aug. 27, 2019) (granting hospital plaintiffs' emergency motion to remand without further response by

During the course of recent litigation arising from the opioid crisis, a substantial majority of similarly situated courts, facing both motions to remand and contested motions to stay have elected to decide the motion to remand instead of deferring to the MDL Court.[8] Some courts have

---

defendants to the motion, finding no federal question jurisdiction existed); *In Re: Nat'l Prescription Opiate Litig.*, MDL No. 2804, Doc. No. 1987, at 3 (N.D. Ohio July, 24, 2019) (remanding actions brought by Jefferson County and Franklin County to a state court in Missouri, finding that "[t]here are no federal causes of action, and the claim of federal jurisdiction by the removing Defendant is very tenuous"); *Fire and Police Retiree Health Care Fund, San Antonio v. CVS Health Corp.*, No. 4:19-cv-02089, Doc. No. 21 at 7 (S.D. Tex. July 24, 2019) (granting a motion to remand, finding no federal question jurisdiction existed); *Cnty. of Kern v. Purdue Pharma L.P.*, No. 1:19cv-00557-LJO-JLT, 2019 WL 3310668 (E.D. Cal. July 23, 2019) (same); *Mecklenburg Cnty. v. Purdue Pharma, L.P.*, No. 3:19-cv-463, 2019 WL 3207795 (E.D. Va. July 16, 2019) (same); *Ill. Pub. Risk Fund v. Purdue Pharma L.P.*, No. 19 C 3210, 2019 WL 3080929 (N.D. Ill. July 15, 2019) (same); *Dinwiddie Cnty. v. Purdue Pharma, L.P.*, No. 3:19-cv-242, 2019 WL 2518130 (E.D. Va. June 18, 2019) (same); *City of El Monte v. Purdue Pharma L.P.*, No. 2:19-cv-03588-JFW-PLA, 2019 U.S. Dist. LEXIS 101868 (C.D. Cal. June 18, 2019) (same); *Dunaway v. Purdue Pharma, L.P.*, No. 2:19-cv-00038, 2019 WL 2211670 (M.D. Tenn. May 22, 2019) (same); *Cnty. Bd. of Arlington Cnty. v. Purdue Pharma, L.P.*, No. 1:19-cv-402, ECF No. 63 (E.D. Va. May 6, 2019) (same); *City of Boston v. Purdue Pharma L.P.*, No. 1:18-cv-12174, Doc. 32 (D. Mass. Jan. 29, 2019) (same); *Tucson Med. Ctr. v. Purdue Pharma*, No. CV-18-00532-TUC-RCC, 2018 WL 6629659 (D. Ariz. Dec. 19, 2018) (same); *City of Reno v. Purdue Pharma, L.P.*, No. 3:18-cv-00454-MMD-WGC, 2018 WL 5730158 (D. Nev. Nov. 28, 2018) (same); *In Re: Nat'l Prescription Opiate Litig.*, MDL No. 2804, Doc. No. 899 (N.D. Ohio Aug, 23, 2018) (same); *Cnty. of Anderson v. Rite Aid of S.C., Inc.*, No. 8:18cv1947, 2018 WL 8800188, at *10 (D.S.C. Aug. 20, 2018) (same); *Weber Cnty. v. Purdue Pharma, L.P.*, No. 1:18-cv-00089-RJS, 2018 WL 3747846 (D. Utah Aug. 7, 2018) (same); *Uintah Cnty. v. Purdue Pharma, L.P.*, No. 2:18-cv-00585-RJS, 2018 WL 3747847 (D. Utah Aug. 7, 2018) (same); *City of Granite City, Ill. v. AmerisourceBergen Drug Corp.*, No. 18-CV-1367-SMY-DGW, 2018 WL 3408126 (S.D. Ill. July 13, 2018) (remanding the action, *sua sponte*, finding no federal question jurisdiction existed); *N.M. ex rel. Balderas v. Purdue Pharma, L.P.*, 323 F. Supp. 3d 1242 (D.N.M. 2018) (granting a motion to remand, finding no federal question jurisdiction existed); *Del. ex rel. Denn v. Purdue Pharma L.P.*, No. 1:18-383-RGA, 2018 WL 1942363 (D. Del. Apr. 25, 2018) (same); *W. Va. ex rel. Morrisey v. McKesson Corp.*, No. 16-1772, 2017 WL 357307 (S.D.W. Va. Jan. 24, 2018) (same).

[8] *See, e.g.*, *Fayetteville Ark. Hosp. Co., LLC,* 2020 WL 2521515, at *1 (denying a motion to stay and granting the hospital plaintiffs' motion to remand); *Fla. Health Scis. Ctr., Inc.,* 2020 WL 1046601, at *1 (same); *DCH Health Care Auth.*, 2019 WL 6493932, at *1 (same); *Kingman Hosp. Inc.*, 2019 WL 4024773, at *2 (granting hospital plaintiffs' emergency motion to remand without further response by defendants to the motion); *Mecklenburg Cnty.*, 2019 WL 3207795, at *1 (denying stay and granting remand); *Ill. Pub. Risk Fund*, 2019 WL 3080929 (same); *Dunaway v. Purdue Pharma L.P.*, 391 F.Supp.3d at 816 (same); *Cnty. of Anderson v. Rite Aid of South Carolina, Inc.*, No. 8:18-cv-01947, Doc. 44 (D. S.C. Aug. 20, 2018) (denying motion to stay,

even raised the jurisdictional issue *sua sponte* and remanded the action before the defendants sought a stay. *See, e.g.*, *City of Granite City v. AmerisourceBergen Drug Corp.*, No. 18-CV-1367-SMY-DGW, 2018 WL 3408126, at *1 (S.D. Ill. July 13, 2018) (raising jurisdictional issue *sua sponte* and remanding case); *Cnty. of Dallas v. Purdue Pharma L.P.*, No. 3:18-cv-00426, Doc. 10, at 3 (N.D. Tex. March 7, 2018) (attached as Exhibit 3). (raising jurisdictional issue *sua sponte*, remanding case and denying motion to stay). *See also Kingman Hosp. Inc. v. Purdue Pharma L.P.*., 2019 WL 4024773, at *2 (D. Ariz. Aug. 27, 2019) (granting hospital plaintiffs' emergency motion to remand without response from defendants, finding no federal question jurisdiction existed).

Several citations in Walmart Defendants' Motion to Stay are misleading. For example, Defendants cite *Bowling Green-Warren Cnty. Community Hospital Corporation v. Purdue Pharma L.P.*, No. 1:19-cv-00148 (W.D. Ky.), as a "substantively identical case brought by a different group of hospitals transferred to the JPML in spite of their motion to remand." *See*

---

granting motion to remand); *Weber Cnty., Utah v. Purdue Pharma L.P.*, No. 1:18-cv-00089, Doc. 16 (D. Utah July 31, 2018) (denying stay in the action that the court later remanded) attached as Exhibit 4); *Uintah County, Utah v. Purdue Pharma L.P.*, No. 2:18-cv-00585, Doc. 16 (D. Utah July 31, 2018) (same) (attached as Exhibit 5); *County of Greenville v. Rite Aid of South Carolina, Inc.*, No. 6:18-cv-1085, Doc. 66 (D.S.C. May 21, 2018) (declining to stay action, granting motion to remand) (attached as Exhibit 6); *County of Spartanburg v. Rite Aid of South Carolina, Inc.*, No. 7:18-cv-01799, Doc. 32 (D. S.C. July 25, 2018) (denying motion to stay, granting motion to remand) (attached as Exhibit 7); *Mayor & City Council of Baltimore v. Purdue Pharma L.P.*, No. CV GLR-18-800, 2018 WL 1963816, at *2–3 (D. Md. Apr. 25, 2018) ("The City contends that the Court should rule on its Motion expeditiously because this case does not belong in federal court and, therefore, should not be transferred to the MDL. The Court agrees with the City."); *County of Van Zandt v. AmerisourceBergen Corporation*, No. 6:18-cv-00064, Doc. 73 (E.D. Tex. Apr. 16, 2018) (same) ; *County of Travis v. Purdue Pharma L.P.*, No. 1:18-cv-00254, Doc. 12 (W.D. Tex. March 28, 2018) (same); *County of Delta v. Purdue Pharma L.P.*, No. 4:18-cv-00095, Doc. 27 (E.D. Tex. March 22, 2018) (same); *Cnty. of Dallas v. Purdue Pharma L.P.*, No. 3:18-cv-00426, Doc. 10 (N.D. Tex. March 7, 2018) (same) (attached as Exhibit 3); *Brooke County Commission v. Purdue Pharma L.P.*, No. 5:18-cv-00009, Doc. 17 (N.D. W.Va. Feb. 1, 2018) (denying stay in eight West Virginia actions that the court later remanded) (attached as Exhibit 8); *New Hampshire v. Purdue Pharma*, 1:17-cv-00427-PB (D. N.H. Jan. 6, 2018) (denying stay in the action that the court later remanded).

8

Walmart Defendants' Motion to Stay, at 3. Walmart Defendants neglect to note that no ruling on CVS Defendants' Motion to Stay was issued either. While both motions were under consideration, several Judges in the Western District of Kentucky recused themselves from the matter until it was referred to Judge Greer of the Eastern District of Tennessee on January 31, 2020, who did not have a chance to rule before transfer to the MDL Court. *See Bowling Green-Warren Cnty. Community Hospital Corp.*, Case No. 1:19-cv-00148 (W.D. Ky.), Doc. Nos. 93-98 (recusals and reassignments, Jan. 10, 2020 to Jan. 31, 2020) and 99 (Transfer Order to the MDL, Feb. 7, 2020).

Walmart Defendants also cite to *Noble County v. Cardinal Health, Inc.*, 2:18-cv-01379 (S.D. Ohio), where the court considered and denied the motion to remand (Doc. 38, Dec. 14, 2018) and later granted defendants' motion to stay (Doc. 43, Jan. 1, 2019). As Walmart Defendants note, no decision on the merits of Plaintiff's Motion to Remand was made there, deferring the decision to Judge Polster. *Noble County* was transferred to the Northern District of Ohio on February 7, 2019, where no further action to decide remand motions on that case and more than 2,000 others has occurred. *See* n. 1 above and Ex. 1 (MDL court implemented moratorium on remand motions Feb. 16, 2018).

Walmart Defendants also cite *City of Portland v. Purdue Pharma, LP*, No. 2:18-cv-00282 (D. Me. Nov. 28, 2018), Magistrate Judge Report and Recommended Decision, ECF No. 96, regarding potential judicial economy and lack of prejudice to Plaintiffs should Plaintiffs' case be stayed and transferred to the MDL Court. *See* Walmart Defendants' Motion to Stay, at 10 n. 7. Defendants' cite cannot support Defendants' argument whatsoever. The Maine District Court took no further action to remand or stay the case. Instead, the case was swept into the MDL without further action by the district court, and has been stalled in the MDL court since December 2018.

Walmart Defendants' citation to *Robinson Rancheria v. McKesson Corp.*, No. 18-cv-02525, Order Granting Motions to Stay, Doc. 13 at 3 (N.D. Cal. July 16, 2018) is likewise distinguishable. There it was noted that the MDL Court "has undertaken to establish a separate track to address issues arising in cases brought by Tribes, which will include jurisdictional issues similar or identical to those raised in the pending motions to remand." *Id.* at 3. The MDL Court has given no further consideration to that case's jurisdictional issues since *Robinson Rancheria* was transferred there on August 2, 2018. *See Robinson Rancheria v. McKesson*, 1:18-cv-45912-DAP (N.D. Ohio).

Walmart Defendants also cite to minute orders in which no substantive analysis was provided. Such orders cannot support any argument. *See, e.g.*, Walmart Defendants' Motion to Stay, at 8, citing *Village of Melrose Park v. Purdue Pharma L.P.*, No. 1:18-cv-05288 (N.D. Ill. Aug. 10, 2018), Doc. No. 26 (ruling for a stay through a "minute entry" in which no authority or substantive analysis was provided). Like *City of Portland* and all but a handful of the 2,000 plus other cases sent to the MDL court, *Village of Melrose Park* has likewise been stalled in the MDL court since December 2018.

In sum, the federal question jurisdictional issue has been systematically raised by Defendants, and when actually considered by courts it has been rejected nationwide, including by the MDL court. *See*, *e.g*., Exhibit 2, at 3 (remanding actions brought by Jefferson County and Franklin County to a state court in Missouri, finding that "there are no federal causes of action, and the claim of federal jurisdiction by the removing Defendant is very tenuous"); *Tucson Med. Ctr.*, 2018 WL 6629659, at *2 (finding the "absence of federal jurisdiction is clear"); *Mecklenburg Cnty.*, 2019 WL 3207795, at *7 (framing the issue as whether the court should stay where "there is plainly no federal jurisdiction," concluding stay not warranted since, among other reasons,

"there is no basis for federal jurisdiction"); *City of Worcester v. Purdue Pharma L.P.*, No. 4:18-cv-11958-TSH, Doc. 36, at 4 (D. Mass. Nov. 21, 2018) (attached as Exhibit 9) (denying motion to stay and granting remand where "absence of [federal question] jurisdiction is patently obvious" and when there is "clearly no jurisdiction").[9] Walmart Defendants' argument to the contrary does not change the fact that there exists no jurisdictional issue here that is "factually or legally difficult."

Accordingly, this Court "should promptly complete its consideration [of Plaintiffs' Emergency Motion to Remand] and remand the case to state court." *Meyers*, 143 F. Supp. 2d at 1049.

### B. To the Extent Pertinent to the Court's Analysis, Efficiency and Prejudice Considerations Favor Immediate Remand

Efficiency considerations favor resolving the pending Plaintiffs' Emergency Motion to Remand, which does not present complex questions of law or fact. Denying the stay and granting the remand serve the interest of judicial economy. Because removal is improvident on its face, it would be wasteful to send this case through the MDL, where it does not belong, and where it would be managed jointly with other cases in federal court for an indeterminate amount of time, only then to be transferred *back* to the transferor district *before* being remanded to the state court of origin. It is considerably more efficient to simply remand the case immediately, rather than send the case to the MDL, which would have the effect of staying Plaintiffs' case indefinitely.

Many district courts that have considered opioid cases, have remanded cases back to state courts and found that denying a stay was appropriate. *See, e.g.*, *Fayetteville Ark. Hosp. Co., LLC*,

---

[9] In *City of Portland v. Purdue Pharma, LP*, a case cited by Defendant, the court applied the *Meyers* test to a stay request involving federal jurisdiction, but concluded the jurisdiction issue was not "straightforward." 2018 WL 6191127, at *4 (D. Me. Nov. 28, 2018). It may not have been straightforward then; it is now.

11

Case No. 5:20-cv-5036, 2020 WL 2521515, at *3 (finding that "the interests of judicial economy and efficiency weigh against a stay" because "resolving the jurisdictional question 'will not require this court to immerse itself in the intricacies of the case in full'" and "[m]ore importantly, the Court agrees that the interests of judicial economy lie in 'putting a case, as expeditiously as possible, in a court that has the jurisdiction to resolve it,' and it cannot be efficient 'for the JPML to devote its time and attention to a transfer from one federal court to another, if the ultimate legal reality is that neither court has or can have jurisdiction.'"); *Ill. Pub. Risk Fund*, 2019 WL 3080929, at *1 ("The Court believes that deferring decision on the motion to remand would risk significant unfairness to the plaintiff. The judge presiding over the MDL has elected not to rule on any motions for remand or permit discovery for a substantial period of time. Thus, to defer ruling now could have the effect of staying the litigation indefinitely.") (citation omitted); *Cnty. of Falls v. Purdue Pharma, L.P.,* No. 6:18-cv-47-RP-JCM, 2018 WL 1518849, at *2 (W.D. Tex. Mar. 28, 2018) (denying a stay and granting remand, finding that "district judge presiding over the MDL has issued a moratorium on substantive filings," and "[m]ore importantly, if this Court lacks subject matter jurisdiction over this action, it has no authority to stay this action").

Another court in the opioid litigation also found that "neither the interests of justice nor judicial economy are served by staying this case pending determination of a potential MDL transfer." *Weber Cnty.*, Exhibit 4 at 2. The court further explained that "parties have expertly framed . . . the jurisdictional issue before the court, and briefing on the Motion to Remand under the court's expedited schedule will conclude soon." *Id*.at 3. Indeed, the resources needed to resolve such a motion do not diminish with a transfer or stay. Rather, "[b]ecause jurisdiction must be established, the resources will be expended all the same; the question is strictly one of where will they be expended." *Bocock v. Medventure Tech. Corp.*, Nos. 4:13-cv-00109-SEB-WGH; 4:13-cv-

00118-TWP-WGH; 4:13-cv-00119-RLY-WGH; 4:13-cv-00110-RLY-WGH; 4:13-cv-00116-SEB-WGH; 4:13-cv-00117-TWP-WGH; 4:13-cv-00112-RLY-WGH; 4:13-cv-00108-SEB-WGH2013 WL 5328309, at *3 (S.D. Ind. Sept. 20, 2013). *See also Fla. Health Scis. Ctr., Inc.*, 2020 WL 1046601, at *1 (denying a motion to stay and granting the hospital plaintiffs' motion to remand, finding that "[m]any district courts have held that the interests of judicial economy are best served by giving at least preliminary scrutiny to the merits of a motion to remand, even where a motion to transfer is pending before the JPML. . . . And in the context of the recent boom of opioid litigation, many district courts have in fact done so[]"); *Stephens v. Kaiser Foundation Health Plan of the Mid-Atlantic States, Inc.*, 807 F. Supp. 2d 375, 381 (D. Md. 2011) ("[I]f this Court does not have jurisdiction over this matter, then neither will the MDL court. Accordingly, this Court will consider Plaintiff's Motion to Remand before addressing the Removing Defendants' Motion to Stay.").[10]

Moreover, the jurisdictional issues are straightforward and are teed up for decision. As another court has found in a substantially similar case brought by hospital plaintiffs, "federal subject matter jurisdiction is plainly lacking." *DCH Health Care Auth.*, 2019 WL 6493932, at *2. *See also Fla. Health Scis. Ctr., Inc.*, 2020 WL 1046601, at *3 ("Many opioid defendants—and many of the same Defendants in this case—have previously attempted to advance the argument that the CSA necessarily invokes a substantial federal question, and therefore, confer subject matter jurisdiction to the federal court. The argument has been rejected and will be rejected again here.").

---

[10] *Accord, e.g.*, *County of Van Zandt v. AmerisourceBergen Corporation*, No. 6:18-cv-00064 (E.D. Tex. Apr. 16, 2018) (attached as Exhibit 10); *County. of Travis v. Purdue Pharma, LP*, 2018 WL 1518848, at *2 (W.D. Tex. Mar. 28, 2018) (explaining that "if this Court lacks subject-matter jurisdiction over this action, it has no authority to stay this action," denying stay, and granting remand).

This case belongs in state court and will get there. The only question is whether it goes there directly now, or takes a circuitous, expensive, and indefinite detour through Cleveland. The reasoning of the U.S. District Court for the Middle District of Tennessee in *Dunaway* is powerful and on point:

> If transferred, this case will join a veritable sea of others in the MDL court. There is no guarantee of when that heavily burdened court would be able to address the important jurisdictional issues raised here. This court, however, is prepared to address those jurisdictional issues now. The prospect of indefinitely postponing a jurisdictional ruling is especially troubling, given that this case involves Tennessee public officials, charged with representing the interests of the citizens of their respective judicial districts, seeking access to the state's courts to assert claims under the state's laws. There is nothing inherently objectionable about a federal court considering state-law claims involving state and local officials, as long as it does so pursuant to its limited constitutional and statutory jurisdiction. If that jurisdiction is lacking, however, the case should be returned to the state courts as soon as reasonably practicable. Otherwise, the federal courts will not only waste the parties' time but impair the state's interest in the administration of justice.

391 F. Supp. 3d at 808-809. Further, "[t]he JPML's consideration of transfer does not deprive the district court of its own inherent authority to rule on the remand motion itself. Therefore, this Court has the power to resolve the instant motions despite the ongoing JPML process." *Beshear v. Volkswagen Group of America, Inc.*, 2016 WL 3040492, at *2 (quoting *Meyers*,143 F. Supp. 2d at 1049).[11]

As to hardship to Walmart Defendants, they fail to show any judicially cognizable hardship that might result from denial of their request. Plaintiffs' choice to litigate their state law claims in

---

[11] As stated in Manual for Complex Litigation:

> "Nor should the court automatically postpone rulings on pending motions, or generally suspend further proceedings. When notified of the filing of a motion for transfer, therefore, matters such as motions to dismiss or to remand, raising issues unique to the particular case, ***may be particularly appropriate for resolution before the Panel acts on the motion to transfer***. ***The Panel has sometimes delayed ruling on transfer to permit the court in which the case is pending to decide critical, fully briefed and argued motions***."

§ 20.131 (4th ed. 2004) (emphasis added).

14

state court is not *unfairly* prejudicial to Defendants, but simply the consequence of Defendants' committing tortious acts in Kentucky that provide for claims under state law. *See Betts v. Eli Lilly & Co.*, 435 F. Supp. 2d 1180, 1184 (S.D. Ala. 2006) ("As for prejudice, no party has a right to remain in federal court when subject matter jurisdiction is plainly lacking, and a defendant caught by *Meyers* is thus not prejudiced in any meaningful sense by an early rather than late remand to state court.").

Walmart Defendants complain about having to litigate in multiple forums, but that is the result of the fact that they are one of the largest companies in the world and do business in many states, including in Kentucky. In any event, the same group of defendants are already litigating in countless forums. Whatever at one time were the merits of the so-called uniformity argument, on which the Walmart Defendants' hardship claim is based, that claim has grown weaker and weaker over time, as more and more cases have been remanded to the state courts where they belong. Notably, the same group of defendants have sought removal on grounds in addition to federal question jurisdiction, and these have been remanded as well. *See*, *e.g.*, *Staubus v. Purdue Pharma, L.P.*, No. 2:17-cv-122-TAV-CLC, 2017 WL 4767688, at *8 (E.D. Tenn. Oct. 20, 2017) (granting remand motion where defendants had sought to remove for lack of diversity jurisdiction).[12] State

---

[12] *See also, e.g.*, Order, *Cnty. of Lexington v. Rite Aid of South Carolina, Inc.*, 3:18-cv-02357-BHH, ECF No. 32, at 13 (D.S.C. Oct. 9, 2018) (remand granted, request for stay denied, defendants' arguments based on fraudulent joinder, fraudulent misjoinder and severance rejected) (attached as Exhibit 11); *Cnty. of Spartanburg*, Exhibit 6 (same); *Cnty. of Greenville*, Exhibit 7 (same); *Mayor & City Council of Baltimore*, 2018 WL 1963816, at *2-3 (remand granted, request for stay denied, defendants' arguments based on fraudulent misjoinder and severance rejected) *Anne Arundel Cnty. v. Purdue Pharma L.P.*, No. GLR-18-519, 2018 WL 1963789, at *4-5 (D. Md. April 25, 2018) (same); Memorandum Opinion and Order, *County of Van Zandt*, Exhibit 10 (same); *Cty. of Travis v. Purdue Pharma, LP*, No. 1:18-cv-254-RP, 2018 WL 1518848, at *2 (W.D. Tex. Mar. 28, 2018) (same); *Cnty. of Delta v. Purdue Pharma L.P.*, No. 4:18-CV-095, 2018 WL 1440485 (E.D. Tex. March 22, 2018) (same); *Cnty. of Dallas*, Exhibit 3 (same); *Brooke County Comm'n*, Exhibit 8 (denying stay in eight West Virginia actions that the court later remanded, and rejecting defendants' arguments based on fraudulent joinder and fraudulent

courts are thus replete with opioid cases, and there is simply no "uniformity" that could possibly be achieved by removal at this point. The decisions of numerous judges who have granted the remand motions and denied the motions for stay have rendered this argument all but moot. At this juncture, therefore, the purported "prejudice" Defendants cite is, at bottom, not the "prejudice" from answering to the Complaint in Kentucky, but having to answer the Complaint at all.

A stay would cause significant prejudice to Plaintiffs. The reality, recognized by the District Court in the *Dunaway* case, is that a transfer would simply cause the case to "join a veritable sea of others in the MDL court," where the likelihood that Plaintiffs would be able to vindicate their claims in any reasonable time-frame is remote in the extreme. 391 F. Supp. At 808. *See also Fayetteville Ark. Hosp. Co., LLC*, 2020 WL 2521515, at *2 (finding that "the harm to Plaintiffs of a stay, which would delay the resolution of their jurisdictional challenge for an unknown period of time, is significant."). As the District Judge in *Illinois Public Risk Fund* explained:

> The Court believes that deferring decision on the motion to remand would risk significant unfairness to the plaintiff. The judge presiding over the MDL has elected not to rule on any motions for remand or permit discovery for a substantial period of time. Thus to defer ruling now could have the effect of staying the litigation indefinitely. *See Dunaway v. Purdue Pharma L.P.*, [391 F. Supp. 802, 808] (M.D. Tenn. May 22, 2019) ("There is no guarantee of when that heavily burdened [MDL] court would be able to address the important jurisdictional issues raised here."). And nearly a dozen other district courts across the country in similar cases have roundly rejected arguments virtually identical to those McKesson makes in opposition to remand. McKesson was a defendant in many of those cases. ***The Court is reticent to reward what may be a deliberate strategy of filing unmeritorious notices of removal in order to delay—or altogether avoid—litigating these cases.*** The Court will therefore decide the motion to remand.

---

misjoinder). In addition, cases have been remanded when courts have rejected the same group of defendants' contention that the cases belonged in federal court under the Class Action Fairness Act. *See, e.g.*, *New Hampshire v. Purdue Pharma*, Case No. 17-cv-427-PB, 2018 WL 333824 (D. N.H. Jan. 9, 2018); *Town of Randolph v. Purdue Pharma L.P.*, No. 19-cv-10813-ADB, 2019 WL 2394253 (D. Mass. June 6, 2019) (remanding and denying stay).

2019 WL 3080929, at *1 (N.D. Ill. July 15, 2019) (emphasis added).

Another court bluntly referenced the reality that if the case were transferred to the MDL, it would languish "with no indication of when questions of remand would ultimately be addressed en masse as part of the MDL." *Cnty. of Anderson*, 2018 WL 8800188, at *3. The District Judge in *City of Worcester* found that plaintiffs would be prejudiced by a stay: "Needlessly causing delays when there is clearly no jurisdiction would. . . constitute a travesty of justice." *City of Worcester*, Exhibit 9, at 4.

Walmart Defendants are wrong to claim that "any stay pending a transfer decision will be short." Walmart Defendants' Motion to Stay, at 9. The real fact is that no one knows how long Plaintiffs' case will linger in the MDL. In December 2017, soon after the creation of the MDL, the MDL Court issued a moratorium on substantive filings, including remand motions. *See* Exhibit 1. Further, at an early status conference, the MDL Court explained that it would "leave" any pending remand motions "hanging for a while" as it has "limited time and limited staff," and "just [did not] want to be tied up on individual remand motions at the moment. *See* Tr. of Teleconference Proceedings, *In Re: Nat'l Prescription Opiate Litig.*, No. 1:17-cv-02804, at 14-15, 22 (N.D. Ohio Dec. 13, 2017) (attached as Exhibit 12). Remand cases have been backing up awaiting decision in the MDL for almost three years. *See e.g. Hughes v. Mallinckrodt Brand Pharms., Inc.,* No. 1:18-op-45149-DAP (N.D. Ohio) (original complaint filed in a state court in 2017, removed and transferred to the MDL in 2018, remand motion has been pending since then); *City of Seattle v. Purdue Pharma L.P.*, 1:18-op-45089-DAP (N.D. Ohio) (original complaint filed in a state court in 2017, removed and transferred to the MDL in 2018, remand motion has been pending since then); *Cnty. of Floyd v. Purdue Pharma L.P.*, 1:18-op-45369-DAP (N.D. Ohio) (same). As Walmart Defendants concede, a number of cases have been transferred to the MDL with pending

motions to remand, but no decision on the remand motions has been issued. Plaintiffs in these cases have surely been prejudiced as they have not been able to proceed for years.

As one court noted in an analogous case, "staying this action and allowing transfer, for all intents and purposes, decides the jurisdictional issue against Plaintiff." *Utah v. Eli Lilly & Co.*, 509 F. Supp. 2d 1016, 1020 (D. Utah 2007). Such an undetermined, lengthy period of time, is not time the Plaintiff Hospitals and their communities have to spare. This would be a particularly unfair result where, as here, "a growing number of federal district courts are [finding] that subject matter jurisdiction does not exist in a case such as this." *Id*.

## III. CONCLUSION

For the reasons set forth above, Plaintiffs respectfully pray that, pursuant to 28 U.S.C. § 1447(c), this action be promptly remanded to the Circuit Court of Johnson County, Kentucky, and that the Walmart Defendants' Motion to Stay be denied.

Dated: August 20, 2020.   Respectfully Submitted,

*/s/ Joseph M. Kramer*
Richard G. Meyer (#47554)
Mathew R. Klein (#84695)
Mark D. Guilfoyle (#27625)
Joseph M. Kramer (#97505)
**DRESSMAN BENZINGER LAVELLE PSC**
207 Thomas More Parkway
Crestview Hills, KY 41017
Telephone: (859) 341-1881
rmeyer@dbllaw.com
mklein@dbllaw.com
mguilfoyle@dbllaw.com
jkramer@dbllaw.com

Kent Wicker (#82926)
Mitchel. T. Denham (#89815)
**DRESSMAN BENZINGER LAVELLE PSC**
321 W. Main Street, #2100
Louisville, KY 40202
Telephone: (502) 572-2500

kwicker@dbllaw.com
mdenham@dbllaw.com

John W. ("Don") Barrett
Sterling Starns
David McMullan, Jr.
Richard Barrett
**BARRETT LAW GROUP, P.A.**
P.O. Box 927
404 Court Square North
Lexington, MS 39095
Telephone: (662) 834-2488

Warren Burns
**BURNS CHAREST, LLP**
900 Jackson St., Suite 500
Dallas, TX 75202
Telephone: (469) 904-4550

Korey A. Nelson
Lydia A. Wright
Rick Yelton
**BURNS CHAREST, LLP**
365 Canal Street, Suite 1170
New Orleans, LA 70130
Telephone: (504) 799-2845

Jonathan W. Cuneo
Monica Miller
Mark H. Dubester
David L. Black
Jennifer E. Kelly
Yifei ("Evelyn") Li
**CUNEO GILBERT & LADUCA, LLP**
4725 Wisconsin Avenue, NW, Suite 200
Washington, DC 20016
Telephone: (202)789-3960

Steve Martino
**TAYLOR MARTINO, P.C.**
51 St. Joseph St.
Mobile, AL 36602
Telephone: (251) 433-3131

Gerald M. Abdalla, Jr.
**ABDALLA LAW, PLLC**
602 Steed Road, Suite 200
Ridgeland, MS 39157
Telephone: (601) 487-4590

*Attorneys for All Plaintiffs*

# CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of August 2020, I caused the foregoing document to be filed with the Clerk of this Court via the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record.

*/s/ Joseph M. Kramer*
Joseph M. Kramer (#97505)
**DRESSMAN BENZINGER LAVELLE PSC**
207 Thomas More Parkway
Crestview Hills, KY 41017
Telephone: (859) 341-1881
jkramer@dbllaw.com

905394v1