# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# AT PIKEVILLE

| | |
|---|---|
| PAINTSVILLE HOSPITAL COMPANY, LLC, et al.<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>AMNEAL PHARMACEUTICALS, LLC, et al.<br><br>　　　　Defendants. | Case No. 7:20-cv-00102<br><br>(Removal from the Circuit Court of Johnson County, Kentucky) |

# PLAINTIFFS' REPLY MEMORANDUM
# IN SUPPORT OF EMERGENCY MOTION TO REMAND

Plaintiffs Paintsville Hospital Company, LLC, Jennie Stuart Medical Center, Inc., Hardin Memorial Hospital, T.J. Samson Community Hospital, Saint Joseph Health System, Inc., Flaget Healthcare, Inc., Hospital of Louisa, Inc., and Jackson Hospital Corporation (collectively, "Plaintiffs"), by and through undersigned counsel, hereby submit this reply memorandum in support of *Plaintiffs' Emergency Motion To Remand* ("Remand Motion"), 7:20-cv-00102-GFVT, Dkt. 8 (E.D. Ky. July 30, 2020). For the reasons stated below, and in the Remand Motion, the motion should be granted.

**I.   Argument**

Defendants Walmart Inc. and Wal-Mart Stores East, LP's (collectively "Walmart") removal of Plaintiffs' action was baseless. Walmart's *Opposition to Plaintiffs' Motion to Remand* (Dkt. 13, "Walmart Opposition") continues to show the weakness in Defendants' arguments on the core issue of the Remand Motion: whether federal question jurisdiction exists in this action. It does not. As the Complaint and the Remand Motion demonstrate, this action raises exclusively state law claims and no claim asserted by Plaintiffs arises under any federal statutes. Thus, the case belongs in state court.

**A.   Defendants' Federal Question Argument is *Still* Baseless**

As stated in the Remand Motion, the "federal question" is not novel and is not in dispute. The issue is simple for two reasons. The Supreme Court has made clear that "[t]he mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction," and such jurisdiction will only lie in a very "narrow" category of cases which "necessarily rest" on a "substantial federal question." *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 813 (1986). Second, even if a claim may be supported by a federal law theory which establishes federal jurisdiction (which this case does not) but *also* an alternative theory which would *not* require resolution of "substantial federal questions," federal jurisdiction

1

*does not exist. Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 810 (1988) (finding that if a claim is supported not only by a theory establishing federal subject matter jurisdiction but *also* by an alternative theory which would *not* establish such jurisdiction, then federal subject matter jurisdiction *does not exist*). *See also Lee v. Kirkpatrick*, Case No. 1:16-CV-00123-GNS, 2016 WL 7197478, at *5 (W.D. Ky. Dec. 9, 2016) (finding no federal jurisdiction existed when "[t]he resolution of the issues presented in this case can be resolved solely under state tort law" and granting motion to remand).

Notably, even the MDL Court, where Defendants propose adjudication of this question, has rejected the federal question jurisdiction argument, and did so swiftly in an economical two pages of analysis contained in a six-page order. *In Re: Nat'l Prescription Opiate Litig.*, 1:17-md-02804, Doc. 899, at 5-6 (N.D. Ohio Aug, 23, 2018) (quoting *Merrell Dow Pharm.*, 478 U.S. at 814) (remanding action brought by the State of Montana to a state court in Montana, and finding that "the presence of a claimed violation of the statute as an element of a state cause of action is insufficiently 'substantial' to confer federal-question jurisdiction."). The MDL court made the same finding in a later decision. *In Re: Nat'l Prescription Opiate Litig.*, MDL No. 2804, Doc. No. 1987, at 3 (N.D. Ohio July, 24, 2019) (remanding actions brought by Jefferson County and Franklin County to a state court in Missouri, finding that "*[t]here are no federal causes of action, and the claim of federal jurisdiction by the removing Defendant is very tenuous*") (emphasis added).[1]

---

[1] Walmart contends that this ruling does not support a finding of lack of federal question jurisdiction here. *See* Opposition at 7. This is clearly wrong. Walmart emphasizes the circumstances under which the MDL court made its decision, but the circumstances are irrelevant to the fact that the MDL court ruled on the issue of federal question jurisdiction against defendants, and the MDL court rejected similar arguments raised by Defendants here. *See* MDL No. 2804, Dkt. 1987, at 3 (N.D. Ohio July 24, 2019).

2

Walmart Defendants' goal is not to convince the Court that they were right on the jurisdictional issue – their objective is to convince the Court that there was something mysterious and complicated that requires more than a few steps of analysis, so that this Court kicks the case down the road. But there is nothing here to kick down the road. As shown in the Remand Motion, courts have *unanimously* and *repeatedly* rejected the efforts by pharmaceutical manufacturers, distributors, and national retail pharmacies to characterize state law claims related to the opioid crisis as presenting a "federal question," and have remanded such actions back to state court. *See Memorandum in Support of Plaintiffs' Emergency Motion To Remand*, 7:20-cv-00102-GFVT, Dkt. 8-1, at 3-4, 8-18 ("Plaintiffs Remand Memo"). Defendants offer the court opinions where federal jurisdiction was found based on interpretation and application of federal law,[2] but completely fail to rebut the overwhelming number of opioid-related cases that have rejected their position on the same jurisdictional issues here. Defendants' omission of any meaningful discussion of the opioid cases which do address federal question jurisdiction underscores their position's weakness.

As stated in the Remand Motion, "[g]iven Defendants' knowledge of adverse decisions by numerous federal courts rejecting their 'federal question' arguments in removal proceedings, the only possible reason for Walmart to remove this case was to delay the resolution of Plaintiffs' claims by orchestrating the transfer of the case into the MDL." Plaintiffs' Remand Memo, at 4. The most that Defendants can show is that *some* courts have elected to defer consideration of the

---

[2] *See* Walmart Opposition, at 17-18, citing cases that discussed the application and interpretation of the Telecommunications Act, the Exchange Act, and the Internal Revenue Code, none of which are relevant to this action. As stated in the Remand Motion, Plaintiffs' complaint does not contain a federal claim. Nor do Plaintiffs here seek relief under any federal law. Unlike the cases cited by Walmart, Plaintiffs' Complaint implicates numerous statutory and common law duties arising under state law. *See* Plaintiffs' Remand Memo, at 12-15.

3

issue. But no court anywhere has bought the Defendants' argument that there is federal subject matter jurisdiction over Plaintiffs' state law claims. Defendants' citations to a number of cases that were either transferred by the JPML or have been stayed by district courts pending transfer by the JPML adds nothing to the argument on federal question jurisdiction. *See* Walmart Opposition at 4-5. Indeed, these cases were also cited in support of Walmart's Motion to Stay,[3] and are irrelevant to establishing whether any substantial federal question was raised in this action.[4] It is thus unnecessary for Plaintiffs to take Defendants' invitation to further opine on the irrelevant minutiae of federal law and regulations extensively. *See* Walmart Opposition 10-12, 16-18. *See also* Plaintiffs' Remand Memo, at 9-18.

Further, Defendants' citations to recent decisions of this Court regarding removals, stays, and transfer to the MDL Court are somewhat misleading. The bases for removal in *City of Henderson v. Purdue Pharma L.P.*., No. 3:19-cv-00067, 2020 WL 428112 (E.D. Ky. Jan. 27, 2020) and *Hardin Cnty. Fiscal Court v. Purdue Pharma L.P.*, No. 3:19-cv-00068, Doc. No. 149, (E.D. Ky. Jan. 27, 2020) were more complex. The analysis there considered not only federal question jurisdiction under 28 U.S.C. §1331, but also removal pursuant to CAFA, 28 U.S.C. § 1332(d), and whether unanimous consent by all defendants to removal was required. *See also*

---

[3] *See Defendants Walmart Inc. and Wal-mart Stores East, LP's Motion to Stay Proceedings Pending Likely Transfer to Multidistrict Litigation*, 7:20-cv-00102-GFVT, Dkt. 10 at 2 (E.D. Ky. Aug. 7, 2020).

[4] For those courts that have deferred to the MDL Court, some expressed an expectation that the MDL Court would decide the issue. *See, e.g.*, *Cty. of San Mateo v. McKesson Corp.*, 3:18-cv-04535 (N.D. Cal. Aug. 28, 2018) ("the potential prejudice to Plaintiff is minimal, because the JPML's decision is likely to be issued shortly"). Whether those district courts which have deferred to the MDL Court would have done so had they known that the remand motions would sit in abeyance indefinitely is undetermined. But consigning a threshold federal jurisdiction question to an unknown detainment is not a principled outcome for a court or the parties seeking to vindicate their claims.

4

*County of Jim Hogg v. CVS Health Corp.*, Case No. 4:19-cv-02816, Order Granting Motion to Stay and Denying Motion to Remand, Doc. No. 11 (S.D. Texas Sept. 4, 2019) (considering removal pursuant to CAFA, 28 U.S.C. §§ 1332(d) and 1453(b)). *See also County of Jim Hogg v. CVS Health Corp.*, Case No. 4:19-cv-02816, Order Granting Motion to Stay and Denying Motion to Remand, Doc. No. 11 (S.D. Texas Sept. 4, 2019) (considering removal pursuant to CAFA, 28 U.S.C. §§ 1332(d) and 1453(b)). Here, in contrast, it is clearer that the references in Plaintiffs' complaint to Defendants' CSA violations do not raise "substantial federal questions" that must be resolved. *See Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 813-14 (1986) (rejecting the position that where a state law incorporates federal law as an applicable standard, claims brought under the state law create federal question jurisdiction). Plaintiffs' state law claims do not depend on Defendants' duties under the CSA, or any other federal laws, and can be determined without reference to federal laws.

Whether a duty is explicitly imposed or implied under the relevant Kentucky statutes raises an issue under Kentucky state law, not federal law. Defendants' argument about the duties imposed by Kentucky statutes upon them to "monitor, detect, investigate, and report suspicious orders" confirms that the Complaint raises solely state law issues. Walmart Opposition, at 11-12, 15. Regardless, when ambiguities arise in determining whether federal jurisdiction is established, "any doubt about the propriety of removal must be resolved in favor of remand." *Mays v. City of Flint*, 871 F.3d 437, 442 (6th Cir. 2017) (citing *Harnden v. Jayco, Inc.*, 496 F.3d 579, 581 (6th Cir. 2007)). *See also Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999) ("All doubts as to the propriety of removal are resolved in favor of remand.").

In sum, the Complaint asserts solely Kentucky state law claims, and Defendants fail to show a federal issue was: "(1) necessarily raised, (2) actually disputed, (3) substantial, and

5

(4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013). *See also Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 315 (2005). There is no federal question jurisdiction here.

### B.     Ruling on Plaintiffs' Remand Motion Should be Prioritized

A federal district court has an affirmative obligation to evaluate its jurisdiction. *See, e.g.*, *Anusbigian v. Trugreen/Chemlawn, Inc.*, 72 F.3d 1253, 1254 (6th Cir.1996) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.") (quoting 28 U.S.C. § 1447(c)); *Probus v. Charter Comm., LLC*, 234 Fed. Appx. 404, 406 (6th Cir. 2007) (finding "[c]ourts must examine subject matter jurisdiction 'on their own initiative'" and the district court, even without a motion to remand, "should have" addressed subject matter jurisdiction *sua sponte* and remanded case to state court based on the lack of subject matter jurisdiction); *Anderson v. Burgess*, Case No. 1:05-cv-290, 2006 WL 335519, at *1 (E.D. Tenn. Feb. 14, 2006) ("A district court is charged with the duty of continually reexamining its jurisdiction and must *sua sponte* remand cases in which subject matter jurisdiction is lacking.") (citing *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1 (1983)). As fully explained in Plaintiffs' Remand Motion, there exists no federal question jurisdiction. Nor is there diversity jurisdiction or any other plausible basis that would support a finding of federal jurisdiction. Accordingly, this case does not belong in federal court and the Remand Motion should be granted expeditiously.

This Court's ruling on the Remand Motion is in *no way* affected by the pendency of a motion for transfer to the MDL. Rule 2.1(d) of the Rules of the Judicial Panel on Multidistrict Litigation states: "The pendency of a motion, order to show cause, conditional transfer order or conditional remand order before the Panel concerning transfer or remand of an action pursuant to 28 U.S.C. § 1407 does not affect or suspend order and pretrial proceedings in the district court in

6

which the action is pending and *does not in any way limit* the pretrial jurisdiction of that court. " *Id.* (emphasis added) Accordingly, "[d]uring the pendency of a motion (or show cause order) for transfer, … the court in which the action was filed retains jurisdiction over the case." *See* Manual for Complex Litigation, 4th ed., § 20.131 at 220 (citing J.P.M.L. R. P. 1.5; *In re Four Seasons Sec. Laws Litig.*, 362 F. Supp. 574 (J.P.M.L. 1973).

Here, the Court's "first step should be to make a preliminary assessment of the jurisdictional issue," and, "[i]f this preliminary assessment suggests that removal was improper, the court should promptly complete its consideration and remand the case to state court." *Meyers v. Bayer AG*, 143 F. Supp. 2d 1044, 1048-49 (E.D. Wis. 2001). This Court's cases cited by Defendants agreed with this approach, stating that in *Meyers* the approach to considering jurisdiction was persuasive. *See* Walmart Opposition, at 2 (citing *City of Henderson v. Purdue Pharma L.P.*, Case No. 3:19-cv-0067-GFVT, 2020 WL 428112 (E.D. Kentucky) (J. Van Tatenhove); *Hardin Cty. Fiscal Court v. Purdue Pharma L.P.*, No. 3:19-cv-00678-GFVT, 2020 WL 428112 (E.D. Kentucky) (J. Van Tatenhove). *See also Beshear v. Volkswagen Group of America, Inc.*, Civil No: 16-cv-27, 2016 WL 3040492 (E.D. Ky. May 25, 2016) (J. Van Tatenhove) (adopting *Meyers* test, conducting the necessary prompt preliminary assessment of jurisdiction, and concluding Clean Air Act preempted state common law tort claims).

Defendants' contention that litigating in multiple forums will cause hardship is without merit. These are large companies that do business in various states and are already litigating opioids cases in state court forums. To the extent possible, state and federal litigation are being coordinated so that duplicative discovery is avoided. *See In Re: Nat'l Prescrip. Opiate Litigation*, Order of Severance and Order of Remand, Case No. 1:17-md-2804, Doc. No. 1987 (N.D. Ohio July 24, 2019) ("Procedures have been put in place so that lawyers in state and federal cases can

share documents and depositions. The objective is to minimize duplication and to promote efficiency.").The Walmart Opposition sends the clear message that they wish not to resolve the jurisdictional dispute in the removal proceedings, which they initiated, but to delay any movement in this action. Permitting Plaintiffs' case to be swept into the Opioids MDL is likely to result in extensive further delays given that the relevant MDL Court has placed a moratorium on all motions to remand.[5] In fact, while Defendants cite eighteen other cases transferred by the JPML from Kentucky federal courts to the Opiate MDL[6] beginning in December 2017, no mention is made that the Opiate MDL has given no attention to the substantive issues in those cases since their transfer, which, in most instances, was nearly three years ago. The same fate is likely for the more recently transferred *City of Orlando v. CVS Health Corp.*, Case No. 6:20-cv-00736-RBD-EJK (M.D. Fla. June 15, 2020) (Attach. I to Walmart Opposition) (deferring ruling on motion to remand); and *City of Fairfax v. Mallinckrodt PLC*, No. 1:20-cv-00218-LO-JFA (E.D. Va. Apr. 30, 2020) (Attach. J to Walmart Opposition) (deferring judgment on motions to remand). Defendant Walmart has not removed this action because there is a basis for being in federal court. Defendant Walmart has done so because they hope to force Plaintiffs' case to disappear into the Opiate MDL.

Cases Defendants cite where courts imposed stays, which they offer to support their contention that judicial economy favors a stay, are likewise unhelpful and do not address the issues here. *Oklahoma ex rel. Pruitt v. U.S. EPA*, Case Nos. 15–CV–0381–CVE–FHM, 15–CV–0386–CVE–PJC, 2015 WL 4607903 (N.D. Okla. July 31, 2015) addressed a proposed stay in a case about federal regulatory authority, where the case was originally filed in a federal district court. *Utah v. Envtl. Restoration, LLC*, 2018 WL 317838 (D. Utah Jan. 5, 2018) considered whether to

---

[5] *See Order Regarding Remands*, *In re: Nat'l Prescription Opiate Litig.*, No. 17-md-2804, Doc. No. 130 (N.D. Ohio Feb. 16, 2018).

[6] *See* Walmart Opposition, at 4, n. 4.

8

place a stay or consider the applicability of personal jurisdiction, a substantively different "jurisdictional issue" from the one under consideration here. *Fox v. Depuy Orthopaedics, Inc.*, Case No. 3:11-cv-387-CRS, 2011 WL 6057509 (W.D. Ky. Dec. 6, 2011) considered a stay where defendant alleged fraudulent joinder to defeat diversity. None of these cases deal with the fundamental issue here: Plaintiffs' case deals with wrongs under Kentucky state laws and raises no substantial federal legal issue, nor do they involve party diversity or fraudulent joinder to defeat diversity, or any other reason to be in federal court. The judicial economy of the federal court therefore is best served by a determination that Plaintiffs' case belongs in state court.

With that in mind, Plaintiffs request that the Court expeditiously join other district courts nationwide that denounce delay:

> The Court is reticent to reward what may be a deliberate strategy of filing unmeritorious notices of removal in order to delay—or altogether avoid—litigating these cases. The Court will therefore decide the motion to remand.

*Illinois Public Risk Fund v. Purdue Pharma L.P.*, 2019 WL 3080929, at *1 (N.D. Ill. July 15, 2019) (granting plaintiff's motion to remand). *See also Lester E. Cox Medical Centers v. Amneal Pharmaceuticals, LLC*, No. 6:20-cv-03152, 2020 WL 3171452 (W.D. Mo. June 15, 2020) (granting plaintiffs' motion to remand, finding no federal jurisdiction); *Fayetteville Ark. Hosp. Co., LLC v. Amneal Pharm., LLC*, No. 5:20-cv-5036, 2020 WL 2521515, at *3 (W.D. Ark. May 18, 2020) (finding that "the harm to Plaintiffs of a stay . . . is significant"); *Fla. Health Scis. Ctr., Inc. v. Sackler*, No. 19-62992-CIV-MARTINEZ, Doc. No. 64, at *7 (S.D. Fla. Jan. 24, 2020) (denying a motion to stay, granting the hospital plaintiffs' motion to remand, and finding "[m]any district courts have held that the interests of judicial economy are best served by giving at least preliminary scrutiny to the merits of a motion to remand, even where a motion to transfer is pending before the JPML. And in the context of the recent boom of opioid litigation, many district

9

courts have in fact done so.") (internal citation omitted); *DCH Health Care Authority v. Purdue Pharma L.P.*, No. 9-0756-WS-C, 2019 WL 6493932, at *1 (S.D. Ala. Dec. 13, 2019) (denying a motion to stay and granting the hospital plaintiffs' motion to remand); *Tucson Medical Center v. Purdue Pharma LP*, 2018 WL 6629659 (D. Ariz. Dec. 19, 2018) (granting motion to remand and denying motion to stay); *County of Kern v. Purdue Pharma L.P.*, 2019 WL 3310668 (E.D. Cal. July 23, 2019) (granting motion to remand and denying motion to stay, finding no federal question jurisdiction existed); *Mecklenburg Cnty. v. Purdue Pharma, L.P.*, Case No. 3:19-cv-463, 2019 WL 3207795 (E.D. Va. July 16, 2019) (same); *Illinois Public Risk Fund*, Case No. 19 C 3210, 2019 WL 3080929 (N.D. Ill. July 15, 2019) (granting motion to remand, finding no federal question jurisdiction existed).

Plaintiffs have a right to proceed in a timely manner on their claims and, equally important, to do so in a court which has subject matter jurisdiction. Plaintiffs respectfully submit that the Court should prioritize its consideration of the Remand Motion rather than the Motion to Stay in order to avoid prejudicing Plaintiffs by an extensive delay and hindering judicial efficiency. *See Dinwiddie County, Va. v. Purdue Pharma, L.P.*, Case No. 3:19-cv-00242, 2019 WL 2518130, at *7 (E.D. Va. June 18, 2019) (denying motion to stay as unwarranted and granting remand because "any decision on the motion to remand could take a significant amount of time, maybe even over a year. This extensive delay is a significant prejudice to [Plaintiff] as it will not be able to effectively prosecute its case even though there is no federal jurisdiction. Further, judicial efficiency will not be promoted because the case should proceed in state court as soon as possible since there is no federal jurisdiction in this case."). *See also City of Worcester v. Purdue Pharma L.P.*, No. 18-11958-TSH, Doc. No. 36, at 4 (D. Mass. Nov. 21, 2018) (denying motion to stay, considering motion to remand and noting, "[n]eedlessly causing delays when there is clearly no

10

jurisdiction would . . . constitute a travesty of justice."). Walmart Defendants, in contrast, have not demonstrated how they will be prejudiced by a prompt decision about jurisdiction in this matter.

## II. CONCLUSION

For the foregoing reasons, and for the additional reasons stated in their previously filed Remand Motion, Plaintiffs respectfully request that the Court remand Hospital Plaintiffs' action to the Circuit Court of Johnson County, Kentucky.

Dated: August 27, 2020.                    Respectfully submitted,

*/s/ Joseph M. Kramer*
Richard G. Meyer (#47554)
Mathew R. Klein (#84695)
Mark D. Guilfoyle (#27625)
Joseph M. Kramer (#97505)
**DRESSMAN BENZINGER LAVELLE PSC**
207 Thomas More Parkway
Crestview Hills, KY 41017
Telephone: (859) 341-1881
rmeyer@dbllaw.com
mklein@dbllaw.com
mguilfoyle@dbllaw.com
jkramer@dbllaw.com

Kent Wicker (#82926)
Mitchel. T. Denham (#89815)
**DRESSMAN BENZINGER LAVELLE PSC**
321 W. Main Street, #2100
Louisville, KY 40202
Telephone: (502) 572-2500
kwicker@dbllaw.com
mdenham@dbllaw.com

John W. ("Don") Barrett
Sterling Starns
David McMullan, Jr.
Richard Barrett
**BARRETT LAW GROUP, P.A.**
P.O. Box 927
404 Court Square North
Lexington, MS 39095
Telephone: (662) 834-2488

11

Warren Burns
**BURNS CHAREST, LLP**
900 Jackson St., Suite 500
Dallas, Texas 75202
Telephone: (469) 904-4550

Korey A. Nelson
Lydia A. Wright
Rick Yelton
**BURNS CHAREST, LLP**
365 Canal Street, Suite 1170
New Orleans, LA 70130
Telephone: (504) 799-2845

Jonathan W. Cuneo
David L. Black
Mark H. Dubester
Monica Miller
Jennifer E. Kelly
Yifei ("Evelyn") Li
**CUNEO GILBERT & LADUCA, LLP**
Suite 200
4725 Wisconsin Avenue, NW
Washington, DC 20016
Telephone: (202)789-3960

Steve Martino
**TAYLOR MARTINO, P.C.**
51 St. Joseph St.
Mobile, AL 36602
Telephone: (251) 433-3131

Gerald M. Abdalla, Jr.
**ABDALLA LAW, PLLC**
602 Steed Road, Suite 200
Ridgeland, Mississippi 39157
Telephone: (601) 487-4590

*Attorneys for All Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of August, 2020 I caused the foregoing document to be filed with the Clerk of this Court via the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record.

Respectfully submitted,

*/s/ Joseph M. Kramer*
Joseph M. Kramer (#97505)
**DRESSMAN BENZINGER LAVELLE PSC**
207 Thomas More Parkway
Crestview Hills, KY 41017
Telephone: (859) 341-1881
jkramer@dbllaw.com